FILED
2014 OCT 30  PM 3: 33

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-961-LY |
| | § | |
| OFFICE OF THE ATTORNEY | § | |
| GENERAL OF TEXAS | § | |
| *Defendant.* | § | JURY DEMANDED |

## MOTION FOR TEMPORARY RESTRAINING ORDER
## AND REQUEST FOR HEARING

TO THE HONORABLE U.S. DISRICT JUDGE LEE YEAKEL:

This is an action brought under the Equal Pay Act of 1963 (EPA) to correct unlawful employment practices on the basis of gender and to provide appropriate relief to Plaintiff Madeleine Connor. Plaintiff brings this action against her current employer, the Office of the Attorney General of Texas, who has and is actively discriminating against her on the basis of her gender. Since filing this action, Defendant has also retaliated against Plaintiff.

### VERIFIED MOTION FOR TEMPORARY RESTRAINING ORDER
### UNDER FED. R. CIV. P. 65(b)

1. One day after filing and serving a copy of the Original Complaint on Defendant, Defendant willfully and in bad faith disseminated from its general counsel's office a copy of the Original Complaint and a constitutionally infirm "litigation hold," instructing each and every one of Plaintiff's co-workers and some former co-workers not to discuss the lawsuit or the litigation hold with anyone without first contacting opposing counsel in this lawsuit, Assistant Attorney General Allan Cook, which is prohibited retaliation under the Equal Pay Act, 29 USC § 215(a)(3), and infringes upon Plaintiff's civil and constitutional rights and her co-workers' civil and constitutional rights. See Ex. A to Motion for Preliminary Injunction, Doc. 5.

1

2. After receiving the litigation hold, Plaintiff objected to the constitutionally infirm litigation hold via an email responding to Defendant's general counsel and all of the original recipients on the email. In sum, Plaintiff objected that the litigation hold was overly broad, was punitive and retaliatory, created solely for this litigation, and it violated the recipients' rights to free speech, assembly, and Plaintiff's right to redress grievances against the government. See id. In response, opposing counsel Allan Cook reiterated his warning to Plaintiff that she is not to communicate to her co-workers about the lawsuit. See Ex. B to Motion for Preliminary Injunction, Doc. 5. Defendant's communications prohibiting speech and chilling speech constitutes a unique form of prior restraint, and threatens government employees with retaliation for exercising their rights under the constitution and under the EPA. It also allows Defendant to isolate and segregate Plaintiff, prevent her from obtaining evidence, and creates a hostile work environment. At the same time, it allows Defendant exclusive access to all of the evidence that could be obtained from all of the prospective witnesses in this case.

3. Defendant's litigation hold amounts to a speech ban. And, it does not assert a compelling interest in restraining the speech of its employees. Nor could a compelling reason be divined from the mere filing of Plaintiff's pedestrian equal-pay-act lawsuit. See Doc. 1. Further, the litigation hold does not purport to place any time, place, or manner restrictions on speech and assembly. Rather, Defendant's litigation hold is meant to intimidate Plaintiff and employees of the Attorney General's Office, prevent Plaintiff from proving the elements of her claim, punish Plaintiff for engaging in protected activity, and quash public discourse and disclosure of Plaintiff's lawsuit.

4. Because the overly-broad and punitive litigation hold violates the U.S. Constitution, the EPA, Plaintiff's civil rights, state employee's civil and constitutional rights, Plaintiff's request for injunctive relief has a substantial likelihood of success on the merits. If the Court does not order

Defendant to retract its litigation hold and issue a remediating communication in its stead, Plaintiff will suffer irreparable harm. The threatened injury to Plaintiff, OAG employees, and the public clearly outweighs the harm that the injunction may cause the opposing party. And, the temporary injunction, if issued, will not adversely affect the public interest, but rather positively affect the public interest. *Forsyth County v. U.S. Army Corps of Eng'rs*, 633 F.3d 1032, 1039 (11th Cir. 2011).

## PRAYER

5. Plaintiff prays that the Court:

Set this TRO for hearing at the Court's earliest convenience and upon hearing, grant a temporary injunction enjoining the Office of the Attorney General of Texas from infringing upon Plaintiff's and its employees' rights to free speech, assembly, to redress grievances, and to be free of retaliation for exercising the same, by ORDERING that the Attorney General and/or his Deputies acting on his behalf, immediately retract its "litigation hold" email and attachment of October 24, 2014, and issue an appropriate communication to remedy the constitutionally infirm directives contained in the litigation hold.

Respectfully Submitted,

MADELEINE CONNOR
Attorney at Law
Texas State Bar No. 24031897
P.O. Box 161962
Austin, Texas 78716-1962
Phone No. (512) 289-2424
mgbconnor@yahoo.com
No Telecopier
PLAINTIFF, PRO SE

## VERIFICATION

I, Madeleine Connor, have read the forgoing instrument and attachments, and verify that all factual allegations are within my personal knowledge and are true and correct.

_____
Madeleine Connor
Plaintiff, Pro Se


SWORN TO and SUBSCRIBED before me on October 30, 2014.



_____
Notary Public in and for the State of Texas

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of the forgoing instrument to Allen K. Cook, Assistant Attorney General, by hand-delivery to, 300 W. 15th St., Austin, Texas, 78701, on October 30, 2014.

_____
Madeleine Connor
Plaintiff, Pro Se

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-961-LY |
| | § | |
| OFFICE OF THE ATTORNEY | § | |
| GENERAL OF TEXAS | § | |
| *Defendant.* | § | JURY DEMANDED |

## ORDER ON PLAINTIFF'S MOTION TEMPORARY RESTRAINING ORDER

Came to be heard this day, Plaintiff's Motion for Temporary Restraining Order. After considering the motion, Defendant's responses, the relevant evidence submitted, and argument of counsel, the Court concludes that Plaintiff's motion should be and is GRANTED.

Accordingly, the Court FINDS that Defendant's "litigation hold" email and attachment of October 24, 2014, is retaliatory under the Equal Pay Act of 1963 (EPA), unconstitutionally broad, and infringes on Plaintiff's civil and constitutional rights to redress grievances against the government, free speech, and assembly. The Court further FINDS that the "litigation hold" email and attachment of October 24, 2014, infringes on the civil and constitutional rights of the state employees who received the email. The Court further FINDS that the Plaintiff enjoys a substantial likelihood of success on the merits; and that Plaintiff will suffer irreparable harm if Defendant is not ordered to retract its litigation hold and issue a remediating communication in its stead. The Court further FINDS that the threatened injury to Plaintiff, OAG employees, and the public outweighs the harm that the injunction may cause Defendant; and that the injunction will not adversely affect the public interest.

The Court hereby ORDERS Defendant to retract its October 24, 2014, email, notifying all

1

employees who received it that they will not be required to comply with its directives. The Court further ORDERS that Defendant immediately email or tender a copy of this ORDER to all recipients of the October 24, 2014, email, along with a written assurance from the general counsel's office that no employee of Defendant will be prohibited from exercising their constitutional and civil rights to discuss this case with anyone, including but not limited to Plaintiff or the press or each other.

Defendant is further ORDERED to Bates' label and tender all responses and production obtained from the October 24, 2014, directive to Plaintiff and the Court for inspection.

IT IS SO ORDERED.

SIGNED at this time _____, on this date _____, 2014.

_____
U.S. DISTRICT JUDGE LEE YEAKEL