FILED
2014 NOV 13 PM 1:41
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE CONNOR, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:14-cv-961-LY |
| | § | |
| OFFICE OF THE ATTORNEY | § | |
| GENERAL OF TEXAS, | § | |
| KARIN McDOUGAL, and | § | |
| ALLAN COOK, | § | |
| *Defendants.* | § | JURY DEMANDED |

## THIRD AMENDED COMPLAINT

This is an action brought under the Equal Pay Act of 1963 (EPA) to correct unlawful employment practices on the basis of gender and to provide appropriate relief to Plaintiff Madeleine Connor. Plaintiff brings this EPA action against her current employer, the Office of the Attorney General of Texas (OAG), who has and is actively discriminating against her on the basis of her gender. Since filing this action, Defendant OAG has also retaliated against Plaintiff.

Plaintiff also sues Defendants Karin McDougal and Allan Cook in their individual capacities under 42 USC § 1983 for the deprivation of constitutional rights under the First and Fourteenth Amendments.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 USC §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to 29 USC § 206(d)(1), 29 USC § 215(a)(2), (a)(3); and 42 USC § 1983.

2. The employment policies and practices alleged to be unlawful under the Equal Pay Act were committed within the jurisdiction of the United States District Court for the Western District of Texas.

1

3. The unconstitutional deprivations of Plaintiff's First and Fourteenth Amendment rights by Defendants McDougal and Cook alleged to be committed under the color of state law and unlawful under the 42 USC § 1983 were committed within the jurisdiction of the United States District Court for the Western District of Texas.

**PARTIES**

4. Plaintiff Madeleine Connor currently is and has been since May 21, 2007, an employee of Defendant in its General Litigation Division.

5. The Office of the Attorney General (OAG) is an employer within the meaning of the EPA and is subject to its provisions.  On October 23, 2014, Plaintiff hand-delivered copies of the Original Complaint and summons to Defendant through its agent for service of process, Deputy Attorney General David Mattax, Price Daniel Sr. Bldg., 8th Floor, 209 W. 14th Street, Austin, Texas, 78701.  On October 24, 2014, Defendant OAG tendered a waiver of service of process to Plaintiff via electronic mail.

6. Defendant Karin McDougal is an Assistant Attorney General in the General Counsel Division of the Office of the Attorney General and may be served with summons at 209 W. 14Th & Lavaca St, 1st Floor, Austin, Texas, 78701.  Plaintiff sues Ms. McDougal in her individual capacity only under 42 USC § 1983.

7. Defendant Allan Cook is an Assistant Attorney General in the Law Enforcement Defense Division and may be served with summons at 300 W. 15th St., 7th Floor, Austin, Texas, 78701.  Plaintiff sues Mr. Cook in his individual capacity only under 42 USC § 1983.

**STATEMENT OF FACTS**

8. Plaintiff is a licensed attorney and member of the State Bar of Texas.  Plaintiff obtained her

Juris Doctorate in 2001.

9. Plaintiff applied for an Assistant Attorney General position in the General Litigation Division (GLD) and was hired in May 2007. At that time and until two years ago, Plaintiff was supervised by the then Chief of GLD, Robert O'Keefe.

10. Plaintiff worked under Mr. O'Keefe until on or about 2012, when he was assigned to another division. During the time that Plaintiff was supervised by Mr. O'Keefe, he had consistently supported Plaintiff in her professional growth and development. As a result of his assistance and other mentors within GLD, Plaintiff developed into a successful litigator who carried an extensive caseload and positively resolved all of the cases assigned to her, whether by winning summary disposition, obtaining a settlement favorable to her clients, or succeeding at trial and/or on appeal.

11. Despite Plaintiff's excellent and extensive case-disposition record, Mr. O'Keefe's successor and Plaintiff's current supervisor since on or about 2012, Mr. Beau Eccles has not promoted Plaintiff or paid her equally to her male counterparts who have equal or fewer cases or less work-intensive caseloads.

12. Plaintiff's pay is substantially lower than many of her male co-workers who work in the same civil litigation division of the OAG as Plaintiff, the General Litigation Division. Defendant OAG summarizes the skill, effort, and responsibilities of an attorney working in GLD as follows: "The General Litigation Division defends state agencies, elected and appointed state officials, and state employees in civil rights litigation including employment litigation. Such suits include whistleblower claims, tenure denials, claims of discrimination, student dismissals, and First and Fourteenth Amendment constitutional claims. The division represents clients in libel, slander and other tort actions. The division defends against challenges to the constitutionality of state statutes. The division handles state and federal suits through all litigation stages including the appellate

process." See https://www.texasattorneygeneral.gov/agency/civil.shtml#GeneralLitigation

The work performed by Plaintiff requires equal or greater skill, effort, and responsibilities as her male co-workers in GLD. Plaintiff's male co-workers in GLD who are paid more yet perform under the same working conditions as Plaintiff include, or have included, the following: Tom Albright, Darren Gibson, Dan Perkins, Eric Vinson, Drew Harris, Marc Reitvelt, Esteban Soto, and Andrew Stephens.

13. Plaintiff's pay is substantially lower than at least one male attorney, Allan K. Cook, who works in another civil litigation division of the OAG, The Law Enforcement Defense Division (LED). Defendant OAG summarizes, in pertinent part, the skill, effort, and responsibilities of an attorney working in LED as follows: "The Law Enforcement Defense Division provides representation for all state law enforcement agencies, their officials and employees in against elected officials." See https://www.texasattorneygeneral.gov/agency/civil.shtml#LawEnforcement.  Although assigned to another civil litigation division of the OAG, Defendant Cook told Plaintiff that he performs the same kind of work that makes up most of Plaintiff's docket (employment discrimination cases).

14. Plaintiff reserves the right to name more comparators as discovery proceeds, as Defendant OAG has exclusive access to information about Plaintiff's potential and named comparators.

15. Defendant's action in paying Plaintiff unequal compensation as compared to her male co-workers, as described above, violates 29 USC § 206(d)(10) and 29 USC § 215(a)(2). Defendant's actions were willful and not in good faith.

16. One day after filing and serving a copy of the Original Complaint on Defendant OAG, Defendant OAG willfully and in bad faith disseminated a false statement from its press office defaming Plaintiff's professional reputation, which is prohibited retaliation under the Equal Pay Act, 29 USC § 215(a)(3).

4

17. One day after filing and serving a copy of the Original Complaint on Defendant OAG, Defendant OAG willfully and in bad faith disseminated from its general counsel's office a copy of the Original Complaint and a constitutionally infirm "litigation hold," instructing each and every one of Plaintiff's co-workers and some former co-workers not to discuss the lawsuit or the litigation hold without first contacting opposing counsel in this lawsuit, which is prohibited retaliation under the Equal Pay Act, 29 USC § 215(a)(3), and infringes upon Plaintiff's civil and constitutional rights and her co-workers' civil and constitutional rights.

More precisely, the litigation hold contained a speech ban and was issued by Defendants McDougal and Cook, who were not only retaliating against Plaintiff under the EPA (as agents and/or servants of Defendant OAG) but also acting individually under the color of state law in depriving Plaintiff of her First and Fourteenth Amendment rights to Free Speech, Assembly, and her right to Petition the government for a redress of grievances. See 42 USC § 1983. After Plaintiff openly complained about the speech ban in a responsive email and filed for injunctive relief, McDougal and Cook issued a different litigation hold without the constitutionally infirm language in it. However, the subsequent hold did not remedy the constitutional deprivations, which will be shown in discovery to have had, and continues to have, residual chilling effects affecting the First Amendment rights of Plaintiff.

18. On October 31, 2014, Defendant OAG willfully and in bad faith further retaliated against Plaintiff by assigning a civil employment-litigation matter to her to defend on behalf of a state-entity client that had been filed in the Western District and assigned to this Court. Defendant's assignment of the case was entirely unnecessary, retaliatory, and will cause foreseeable harm to Plaintiff. This action by Defendant OAG was meant to intimidate and deter Plaintiff from pursuing her case against it, as there are many other lawyers who could have been assigned to represent the

5

state entity in a case before this Chamber, and Plaintiff could have been assigned to virtually any other case assigned to GLD at the time.

## CAUSES OF ACTION

19.     Plaintiff incorporates the factual allegations above as if set forth verbatim herein.

20.     Defendant OAG has violated the EPA by paying Plaintiff unequal compensation as compared to her male co-workers, as described above, which violates 29 USC § 206(d)(10) and 29 USC § 215(a)(2).  Defendant's actions were willful and not in good faith.

21.     Defendant OAG has acted willfully and in bad faith by retaliating against Plaintiff under 29 USC § 215(a)(3) for filing this lawsuit.  More precisely, discovery in the cause will show that Defendant OAG issued a libelous statement to the media defaming her professional reputation only one day after filing this lawsuit; that Defendant OAG also issued a litigation hold that contained unconditional directives to Plaintiff and potential witness not to talk about this lawsuit to anyone, which is prohibited by the First Amendment; and that Defendant OAG also retaliated against Plaintiff by assigning a lawsuit to her to defend before this Court in order to intimidate her and deter her from pursuing her right to redress her grievances against the OAG.

22.     Defendant McDougal, acting under the color of state law, violated Plaintiff's First and Fourteenth Amendment rights to Free Speech, Assembly, and to Petition for the redress of grievances by issuing a speech restriction embedded in a litigation hold, which contained no time, place, or manner restrictions, and served no compelling governmental interest, thus violating 42 USC § 1983.

23.     Defendant Cook, acting under the color of state law, violated Plaintiff's First and Fourteenth Amendment rights to Free Speech, Assembly, and to Petition for the redress of grievances by issuing a speech restriction embedded in a litigation hold, which contained no time,

place, or manner restrictions, and served no compelling governmental interest, thus violating 42 USC § 1983.

## PRAYER

24. Plaintiff prays that the Court:

    A. Grant a permanent injunction requiring Defendant, the Office of the Attorney General of Texas, to comply with the Equal Pay Act;

    B. Award to Plaintiff all back pay and benefits lost to her as a result of Defendant OAG's unlawful conduct;

    C. Award to Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and damage to her professional reputation. 42 U.S.C. § 1981a(b)(3);

    D. Award to Plaintiff mental and emotional distress damages for Defendant OAG's willful retaliation against Plaintiff;

    E. Award liquidated damages to Plaintiff;

    F. Award damages to Plaintiff against Defendants McDougal and Cook in their individual capacities for the deprivation of constitutional rights under 42 USC § 1981a(b)(3) and 42 USC § 1983.

    G. Award punitive damages to Plaintiff;

    H. Award attorney's fees and costs of court to Plaintiff;

    I. Award pre- and post-judgment interest at the maximum rate allowed by law; and,

    J. Plaintiff prays for such further relief to which Plaintiff shows herself to be justly entitled.

## JURY DEMAND

25. Plaintiff requests a trial by jury on all questions of fact raised by her Complaint.

Respectfully Submitted,



MADELEINE CONNOR
Attorney at Law
Texas State Bar No. 24031897
P.O. Box 161962
Austin, Texas 78716-1962
Phone No. (512) 289-2424
mgbconnor@yahoo.com
No Telecopier
PLAINTIFF, PRO SE

## CERTIFICATE OF SERVICE

I certify that I delivered a copy of the forgoing Third Amended Complaint to lead counsel for defendant, Assistant Attorney General Patrick Sweeten, by first-class mail at: 300 W. 15th St., 9th[th] Floor, Austin, Texas, 78701, on November 13, 2014.

Madeleine Connor
Plaintiff, Pro Se