IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MADELEINE CONNOR § | |
| § | |
| VS. § | NO. A-14-CV-961 LY |
| § | |
| OFFICE OF THE ATTORNEY § | |
| GENERAL OF TEXAS, KARIN § | |
| McDOUGAL AND ALLAN COOK § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motions to Dismiss Pursuant to Federal Rule 12(b)(6), filed in November 2014 (Dkt. Nos. 17 & 29); Plaintiff's Supplemental Response, filed on December 22, 2014 (Dkt. No. 34); and Defendants' Reply, filed on January 9, 2015 (Dkt. No. 37). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I.   GENERAL BACKGROUND**

Plaintiff Madeline Connor ("Connor"), an attorney, has been employed in the General Litigation Division of the Office of the Attorney General of Texas ("OAG") since May 21, 2007. On October 23, 2014, Connor filed this lawsuit under the Equal Pay Act of 1963 ("EPA") alleging that the OAG violated the EPA by paying her unequal compensation as compared to her male co-workers, in violation of 29 U.S.C. § 206(d)(10) and § 215(a)(2). Connor also alleges that the OAG has retaliated against her for filing the instant lawsuit in violation of 29 U.S.C. § 215(a)(3). In her

Third Amended Complaint,[1] Connor alleges a claim under 42 U.S.C. § 1983 against Karin McDougal and Allan Cook individually, alleging that they violated her First Amendment rights by issuing a litigation hold containing a speech ban.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III.  ANALYSIS

### A.  Wage Discrimination Claim under the EPA

The OAG argues that Connor cannot establish a prima facie case of wage discrimination under the EPA because she has failed to come forward with specific facts to support her claim and

---

[1] Defendants ask the Court to strike the Third Amended Complaint because it was filed without leave of Court. The Court declines to do so, as it would have granted Connor leave if she had sought it. The Court reminds Connor that in the future she must obtain leave of court to file any amended complaints.

has only "alleged broad generalizations and conclusory allegations, which does not suffice." Motion to Dismiss at p. 19. The Court disagrees.

The EPA prohibits an employer from discriminating against its employees on the basis of sex by paying wages to employees of one sex "in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex" for equal work on jobs that require "equal skill, effort, and responsibility, and which are performed under similar working conditions...." 29 U.S.C. § 206(d)(1). To establish a prima facie case for wage discrimination under the EPA, a plaintiff must show that: "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993). Once a plaintiff has established a prima facie case, the burden shifts to the employer to "prove by a preponderance of the evidence that the wage differential is justified under one of the four affirmative defenses set forth in the Equal Pay Act: (1) a seniority system; (2) a merit system; (3) a system which measures earnings by quantity or quality of production; or (4) any other factor than sex." *Siler–Khodr v. Univ. of Tex. Health Science Ctr. San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001).

As noted above, the second element of a prima facie case of wage discrimination requires a plaintiff to show that "she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions." *Chance*, 984 F.2d at 153. "To establish 'equal work,' the plaintiff need not prove that the duties performed are identical, but merely that the 'skill, effort and responsibility' required in the performance of the jobs is 'substantially equal.'" *Pearce v. Wichita County, City of Wichita Falls, Texas, Hospital Bd.*, 590 F.2d 128, 133 (5th Cir. 1979) (quoting *Brennan v. City Stores, Inc.*, 479 F.2d 235, 238-39 (5th Cir. 1973)). Although a plaintiff need not identify a comparator with *identical* job responsibilities and title, "she must identify

someone with circumstances 'nearly identical' to her own, such that the court can evaluate her claim of unfair treatment." *Weaver v. Basic Energy Services*, 578 F. App'x 449, 451 (5th Cir. 2014). In other words, "[t]he Act necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated." *Jones v. Flagship Int'l*, 793 F.2d 714, 723 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987). Whether two jobs "require equal skill, effort, and responsibility, and are performed under similar working conditions is a factual determination." *Fallon v. State of Illinois*, 882 F.2d 1206, 1208 (7th Cir. 1989). Because job duties vary so widely, the provisions of the Equal Pay Act must be applied on "a case-by-case basis." *E.E.O.C. v. Mercy Hosp. and Medical Center,* 709 F.2d 1195, 1197 (7th Cir. 1983).

> In support of her wage discrimination claim, Connor alleges the following:
>
> Plaintiff's pay is substantially lower than many of her male co-workers who work in the same civil litigation division of the OAG as Plaintiff, the General Litigation Division. Defendant OAG summarizes the skill, effort, and responsibilities of an attorney working in GLD as follows: "The General Litigation Division defends state agencies, elected and appointed state officials, and state employees in civil rights litigation including employment litigation. Such suits include whistleblower claims, tenure denials, claims of discrimination, student dismissals, and First and Fourteenth Amendment constitutional claims. The division represents clients in libel, slander and other tort actions. The division defends against challenges to the constitutionality of state statutes. The division handles state and federal suits through all litigation stages including the appellate process."
>
> The work performed by Plaintiff requires equal or greater skill, effort, and responsibilities as her male co-workers in GLD. Plaintiff's male co-workers in GLD who are paid more yet perform under the same working conditions as Plaintiff include, or have included, the following: Tom Albright, Darren Gibson, Dan Perkins, Eric Vinson, Drew Harris, Marc Reitvelt, Esteban Soto, and Andrew Stephens.
>
> Plaintiff's pay is substantially lower than at least one male attorney, Allan K. Cook, who works in another civil litigation division of the OAG, The Law Enforcement Defense Division (LED). Defendant OAG summarizes, in pertinent part, the skill, effort, and responsibilities of an attorney working in LED as follows: "The Law Enforcement Defense Division provides representation for all state law enforcement agencies, their officials and employees in against elected officials." Although assigned to another civil litigation division of the OAG, Defendant Cook told

>Plaintiff he performs the same kind of work that makes up most of Plaintiff's docket (employment discrimination cases).

Amended Complaint at 3-4.

These allegations are sufficient to state an EPA wage discrimination claim that is plausible on its face. *Ashcroft,* 556 U.S. at 678. Connor has alleged sufficient facts to show that her job duties were substantially similar to her male comparators and that those comparators were payed more for "substantially equal" jobs. *Pearce*, 590 F.2d at 133. That is all that is required to state a prima facie claim for relief for wage discrimination under the EPA at this stage of the proceedings. *Id*. Notably, the OAG does not argue that Connor's job is not substantially similar to those of her comparators, but rather simply argues that Connor has failed to allege sufficient facts to support her claim.

In support of its argument that Connor fails to allege sufficient facts to support her claim, the OAG relies heavily on the Second Circuit's decision in *EEOC v. Port Authority of New York and New Jersey*, 768 F.3d 247 (2nd Cir. 2014), in which the Second Circuit affirmed the Rule 12(b)(6) dismissal of a an EPA claim where the EEOC had failed to sufficiently allege that the female attorneys performed substantially equal work as the male attorneys. The *Port Authority* case can be easily distinguished from the instant lawsuit. Both the Fifth and Second Circuits require an EPA claim at the pleading stage of a case to "include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employee's job *content* was substantially equal." *Id.* at 256 (citing *Iqbal*, 556 U.S. at 678) (internal citations omitted). Applying this standard to the specific facts of its case, the Second Circuit found that the EEOC had failed to allege sufficient facts to show that male comparators's job duties were substantially equal to the plaintiffs' job duties. The Second Circuit emphasized that after a *three-year investigation* conducted with the Port Authority's cooperation, "the EEOC's complaint and incorporated interrogatory responses rely almost entirely on broad generalizations drawn from job titles and divisions, and supplemented only by the

5

unsupported assertion that all Port Authority nonsupervisory attorneys had the same job, to support its 'substantially equal' work claim." *Id.* at 256.  Unlike the EEOC in *Port Authority*, Connor has not simply referred to job codes or job titles or alleged "an attorney is an attorney is an attorney," but rather has alleged specific facts regarding her job duties and the job duties of her male comparators and thus has alleged a prima facie claim of wage discrimination.  In addition, unlike the plaintiff in *Port Authority*, Connor has not had three years in which to investigate her claim but rather is in the initial discovery phase of the case.  Thus, the OAG's reliance on *Port Authority* for its precedential value in this case is misplaced.

**B.     Retaliation Claim under EPA**

Like Title VII, the EPA, through the Fair Labor Standards Act ("FLSA"), prohibit employers from retaliating against employees who engage in protective activity under the Act.  *Browning v. Southwest Research Inst*, 288 F. App'x 170, 178 (5th Cir. 2008), *cert. denied*, 555 U.S. 1170 (2009).  To establish a prima face case of retaliation under the EPA, a plaintiff must show: (1) she participated in an activity protected by the Act; (2) her employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse employment action. *Thibodeaux-Woody v. Houston Comty. Coll.*, -- F. App'x --, 2014 WL 6064479, at * 4 (5th Cir. Nov. 14, 2014) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir.), *cert. denied*, 540 U.S. 817 (2003)).  If the plaintiff makes this showing, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse employment action. *Id*.

Connor alleges that after she filed this lawsuit, the OAG retaliated against her by (1) issuing a libelous statement to the media which defamed her professional reputation, and (2) issuing a litigation hold that contained unconditional directives to Connor and potential witnesses not to talk

about this lawsuit to anyone.² The OAG argues that Connor has failed to allege sufficient facts to show that the above-actions were adverse employment actions. The Court agrees.

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). For purposes of a retaliation claim, an adverse employment action is one that "a reasonable employee would have found . . . materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotations and citations omitted). Whether an alleged action is retaliatory will "depend upon the particular circumstances. Context matters." *Id.* at 69. Normally, "petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.* at 68.

As noted, Connor's Third Amended Complaint alleges that the adverse employment actions consisted of (1) a libelous statement to the media which defamed her professional reputation, and (2) a litigation hold that contained unconditional directives to Connor and potential witnesses not to talk about this lawsuit to anyone. With regard to the alleged libelous statement, Connor simply makes a conclusory statement that "Defendant OAG issued a libelous statement to the media defaming her professional reputation only one day after filing this lawsuit." Dkt. No. 25 at ¶ 21. Connor, however, fails to state what the libelous statement was, how it was false, and how the statement defamed her professional reputation. Without such facts, the Court cannot conclude that a reasonable employee would have found the action "materially adverse," *i.e*, that it would have dissuaded a reasonable worker from making a charge of discrimination. *Burlington*, 548 U.S. at 68. *See also, Griffin v. Potter*, 356 F.3d 824, 829-30 (7th Cir. 2004) (holding that supervisor's alleged

---

²Connor's Third Amended Complaint also alleged that the OAG retaliated against her by "assigning a lawsuit to her to defend before this Court in order to intimidate her and deter her from pursuing her right to redress her grievances against the OAG." Dkt. No. 25 at ¶ 21. Connor has subsequently withdrawn this claim. *See* Dkt. No. 34 at 8.

hostility towards postal employee, which manifested in form of negative comments about employee, was not so severe or pervasive as to qualify as actionable adverse employment action); *Mylett v. City of Corpus Christi*, 97 F. App'x 473, 476 (5th Cir. 2004) (finding that alleged humiliation including countermanding plaintiff's orders in front of his subordinates and characterizing him as a liar were not adverse employment actions); *Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002) (finding that publishing report that allegedly damaged plaintiff's reputation was not adverse employment action where plaintiff failed to show that it affected her job performance ratings or the conditions of her employment).

Connor has also failed to show that the litigation hold constituted an adverse employment action. Connor's Third Amended Complaint alleges that "Defendant OAG also issued a litigation hold that contained unconditional directives to Plaintiffs and potential witnsess[es] not to talk about this lawsuit to anyone, which is prohibited by the First Amendment." Dkt. No. 25 at ¶ 21. The litigation hold letter states, in relevant part, the following:

> As a result of our agency's receipt of the following information, the OAG anticipates litigation against the agency and/or some of its employees. The notice relates to a Complaint filed against the Office of the Attorney General of Texas in the United States District Court, Western District of Texas. As indicated by Ms. Madeleine Connor:
>
>> "This is an action brought under the Equal Pay Act of 1963 (EPA) to correct unlawful employment practices of the basis of gender."
>
> Litigation has been initiated by Madeleine Connor. Therefore, pursuant to the Data Preservation for Pending or Potential Litigation Policy, a litigation hold has been issued regarding this matter. It is imperative that the OAG preserve all documents and electronic information that may be relevant to the employee or charges stated. This memorandum is being addressed to you because you have been identified as an individual who may have created, modified, or stored documents and electronic information that are related to the matter as referenced herein.
>
> You are directed not to discuss this document, or the matter referenced herein, without first contacting Allan Cook, AAG at (512) 475-1917or Kim Coogan, AAG

> at (512) 475-2335. You are further directed not to discuss the litigation hold and the contents of this memorandum without first contacting the Litigation Hold Response Team (the "team") or its designated representatives. Please see the attached list of team members and representatives. The team and its representatives can assist you with your duties to comply with the terms of this memorandum. This direction is made to ensure that the rights and interests of all individuals involved, including the right to privacy, are safeguarded. It is also made to ensure that the work-product and attorney-client privileges are preserved.
>
> You are directed to retain, and not alter, any information that is relevant to the matter referenced in the document. You must undertake retention of any information, including any written as, well as electronic information, regardless of the OAU's retention policies or any other policies applicable to your division. You should also note that electronic information includes emails, voicemail messages, and all types of information that is commonly created, stored, and transferred by computer. This requirement also pertains to relevant electronic information that may be stored on your personal computing devices.
>
> This litigation hold is effective on the first day you obtained any knowledge of the hold and will continue in effect until you receive written notice from the team that the litigation hold has been released.

Exh. A to Plaintiff's Supplemental Response.

Connor acknowledges that after she complained about the "speech ban" in the litigation hold, the OAG "issued a different litigation hold without the constitutionally infirm language in it." Dkt. No. 25 at ¶17. Thus, the Court is a bit perplexed as to what exactly Connor is complaining about. Regardless, Connor has failed to show that the litigation hold was an adverse employment action. Once the OAG was notified of Connor's lawsuit, the OAG was under a duty to preserve relevant evidence and thus issued a standard "litigation hold" letter. *See Ashton v. Knight Transp., Inc.*, 772 F. Supp.2d 772, 800 (N.D. Tex. 2011) ("A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation."); *Adorno v. Port Authority of New York and New Jersey*, 258 F.R.D. 217, 228 (S.D.N.Y. 2009) (noting that the defendant was under an obligation to "put in place a litigation hold" after plaintiff filed EEOC complaint); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) ("Once a party reasonably anticipates

litigation, it must suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents."). Connor has failed to show how issuing a standard litigation hold letter would dissuade a reasonable worker from making a charge of discrimination. Accordingly, Connor has failed to make out a prima facie claim of retaliation under the EPA.

**C.     First Amendment Claim against the Individual Defendants**

Connor has also asserted a First Amendment claim under 42 U.S.C. § 1983 against Karin McDougal ("McDougal"), an Assistant Attorney General in the General Counsel Division of the OAG, and Allan Cook ("Cook"), an Assistant Attorney General in the Law Enforcement Defense Division of the OAG. Connor alleges that McDougal and Cook issued a litigation hold containing "a speech ban unlimited in scope and time that affirmatively denies Plaintiff's First Amendment rights to speech, assembly, and to petition for redress of grievances." Plaintiff's Response at p. 9.[3] Defendants argue that Connor's First Amendment claim should be dismissed because McDougal and Cook are entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Harlow*, 457 U.S. at 818. "A Government official's conduct violates

---

[3]Connor clarifies in her Response that she is not asserting a First Amendment retaliation claim in this lawsuit. Thus, the Court need not address Defendants' arguments with regard to First Amendment retaliation. See Plaintiff's Supplemental Response at p. 8.

10

clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). Once the defense of qualified immunity has been raised, the burden shifts to the plaintiff to show that it does not apply. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 351 (5th Cir. 2012).

Connor has failed to allege sufficient facts to show a violation of her First Amendment rights. First, as discussed above, Connor concedes that after she complained about the "speech ban" in the litigation hold, the OAG issued a different litigation hold "without the constitutionally infirm language in it." Third Amended Complaint at ¶17. Connor fails to explain how such action violated her First Amendment rights. Moreover, even if the OAG had failed to remove the objectionable language from the litigation hold, Connor has failed to show that a reasonable official would have understood that issuing such a litigation hold would have violated Connor's First Amendment rights. In fact, Connor has failed to even respond to the Defendants' argument that they are entitled to qualified immunity, and has thus failed to sustain her burden to show that the doctrine of qualified immunity does not apply in this case. *See Jones*, 678 F.3d at 351. As a result, Connor's First Amendment claims against Defendants McDougal and Cook should be dismissed.

## IV. RECOMMENDATION

Based upon the foregoing, the Court **RECOMMENDS** that Defendants' Motions to Dismiss Pursuant to Federal Rule 12(b)(6) (Dkt. Nos. 17 & 29) be **GRANTED IN PART AND DENIED IN PART**. The Court **RECOMMENDS** that the Motions to Dismiss Plaintiff's wage discrimination claim under the Equal Pay Act be **DENIED**, and the Motions to Dismiss Plaintiff's retaliation claim under the Equal Pay Act be **GRANTED**. Lastly, the Court **RECOMMENDS** that the Motions to

Dismiss Plaintiff's First Amendment claims against Karin McDougal and Allan Cook be **GRANTED** and Defendants Karin McDougal and Allan Cook be dismissed from this lawsuit.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE